UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y

★ JUL 01 2011 ★

LONG ISLAND OFFICE

№ 11-CV-0629 (JFB)

TYSHAUN JACOBS,

Petitioner,

VERSUS

MICHAEL SPOSATO,

Respondent.

MEMORANDUM AND ORDER
July 1, 2011

JOSEPH F. BIANCO, District Judge:

*Pro se* petitioner Tyshaun Jacobs ("petitioner" or "Jacobs") brings this action pursuant to 28 U.S.C. § 2254 and 28 U.S.C. § 2241,[1] seeking his release from custody. For the reasons set forth below, the petition is dismissed without prejudice.

I. BACKGROUND

In the instant petition, which petitioner filed *pro se* on February 7, 2011, Jacobs argues that he is being unlawfully detained and seeks a writ of habeas corpus ordering his release. Specifically, petitioner asserts that: (1) he was unlawfully detained without a warrant, and (2) he was subject to an illegal search and seizure at his residence. (Pet. at 1.) Petitioner was indicted on October 19, 2010, in Nassau County Supreme Court, on charges of murder in the second degree (N.Y. Penal Law § 125.25), robbery in the first degree (N.Y. Penal Law §§ 160.15(1), (2)), robbery in the second degree (N.Y. Penal Law § 160.10(1)), and criminal possession of a weapon in the second degree (N.Y. Penal Law §§ 265.03(1)(b), (3)). (Aff. of Jason R. Richards ("Richards Aff.") ¶ 6; Pet. at 2.) Petitioner was represented by counsel and a

---

[1] Petitions under § 2241 are "reserved for challenges to the execution of a federal prisoner's sentence." *Zuniga v. Sposato*, No. 11-CV-1045 (JFB), 2011 WL 1336396, at *2 (E.D.N.Y. Apr. 7, 2011). Thus, § 2241 is clearly inapplicable here since petitioner is to be tried in state court and in any event has not been convicted or sentenced yet. *See infra*.

pretrial suppression hearing was scheduled for March 24, 2011. (Richards Aff. ¶ 7.)

On March 18, 2011, respondent filed a motion to dismiss the petition for lack of jurisdiction. The Court issued an Order dated April 21, 2011, requesting that petitioner file a reply to respondent's motion by May 21, 2011. The Court did not receive a reply from petitioner as of the date of this decision. The Court has carefully considered the submissions and arguments of the parties.

## II. DISCUSSION

According to 28 U.S.C. § 2254, this Court may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Moreover, a district court shall not review a habeas petition unless "the applicant has exhausted the remedies available in the courts of the state."[2] 28 U.S.C. § 2254(b)(1)(A). Although a state prisoner need not petition for certiorari to the United States Supreme Court to exhaust his claims, *see Lawrence v. Florida*, 549 U.S. 327, 333 (2007), petitioner must fairly present his federal constitutional claims to the highest state court having jurisdiction over them. *See Daye v. Attorney Gen. of N.Y.*, 696 F.2d 186, 191 n. 3 (2d Cir. 1982) (en banc).

---

[2] An exception to the exhaustion rule exists, if "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i), (ii). Here, there is no evidence that there is an absence of available state corrective process, nor is there any evidence that circumstances exist in state court that render such process ineffective to protect petitioner's rights. In fact, a suppression hearing was scheduled for March 2011.

Exhaustion of state remedies requires that a petitioner "fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quotation marks omitted) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). However, "it is not sufficient merely that the federal habeas applicant has been through the state courts." *Picard*, 404 U.S. at 275-76. On the contrary, to provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state's highest court with powers of discretionary review), alerting that court to the federal nature of the claim and "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Duncan*, 513 U.S. at 365-66.

Here, it is apparent that petitioner has not been convicted yet, as he himself admits in his petition (Pet. at 2), nor has petitioner indicated to the Court after filing his petition that he has been tried and convicted. Thus, petitioner is not in custody pursuant to a state court judgment of conviction. Nor does petitioner allege that he has exhausted his state court remedies. In other words, petitioner has not presented his federal constitutional claims to the highest state court. Accordingly, the Court concludes that petitioner fails to state a claim upon which relief may be granted under § 2254, and, thus, the petition is dismissed without prejudice as premature. *See, e.g., Haynes v. Fiorella*, No. 10-cv-0843S(F), 2010 WL 4365832, at *1 (W.D.N.Y. Nov. 3, 2010) ("Since it is clear from the face of the petition that petitioner's criminal case is still pending, she is not in custody pursuant to a

state court conviction and she has not exhausted her available state court remedies."); *Bolar v. Pilgrim State Psychiatric Hosp.*, No. 07-CV-5445 (NG), 2008 WL 2051029, at *2 (E.D.N.Y. May 13, 2008) ("It is clear that she has not yet been convicted of the offense with which she is charged and that she has not exhausted her state court remedies, both of which are necessary to filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.")

### III. CONCLUSION

For the foregoing reasons, the instant action under § 2254 is dismissed without prejudice to petitioner's right to file a future petition pursuant to § 2254 after he fully exhausts his state court remedies.[3] The Clerk of the Court is instructed to enter judgment accordingly and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[3] The Court notes that the dismissal of this petition will not unduly prejudice petitioner because, based upon the information set forth in his petition, it appears that he will have ample opportunity to file timely a § 2254 habeas petition setting forth his claims once he has exhausted his state-court remedies. *See Rhines v. Weber*, 544 U.S. 269, 276-78 (2005). Moreover, since his petition is being denied without prejudice for failure to exhaust state remedies, a future petition after exhaustion of such remedies would not be considered "second or successive." *See Camarano v. Irvin*, 98 F.3d 44, 46 (2d Cir. 1996).

SO ORDERED

_____
JOSEPH F. BIANCO
United States District Judge

Date: July 1, 2011
Brooklyn, NY

\* \* \*

Petitioner is proceeding *pro se*. Respondent is represented on behalf of Kathleen M. Rice, District Attorney, Nassau County, by: Tammy J. Smiley, Esq., and Jason R. Richards, Esq., District Attorney's Office of Nassau County, 262 Old Country Road, Mineola, New York 11501.